UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TIFFANY WALLING MCGARITY,<br><br>       Plaintiff,<br><br> - against -<br><br>SUKI, INC.,<br><br>       Defendant. | Docket No. 17-cv-01819<br><br>JURY TRIAL DEMANDED |

# COMPLAINT

Plaintiff Tiffany Walling McGarity ("McGarity" or "Plaintiff"), by and through her undersigned counsel, as and for her Complaint against Defendant Suki, Inc. ("Suki Skincare" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of seven (7) photographs depicting female models owned and registered by McGarity, a Brooklyn-based photographer. Accordingly, McGarity seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides in and/or is doing business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

5. McGarity is a professional photographer in the business of licensing her photographs for a fee, having a usual place of business at 247 Varet Street, Apt. 3F, Brooklyn, NY 11206. McGarity's photographs have appeared in advertising and editorial campaigns throughout the United States and the world.

6. Upon information and belief, Suki is a corporation duly organized and existing under the laws of the State of Massachusetts, with a place of business at 99 Industrial Drive, Northampton, MA 01060. At all times material hereto, Suki has owned and operated a website at the following URL: www.sukiskincare.com (the "Website").

**STATEMENT OF FACTS**

A.  **Background and Plaintiff's Ownership of the Photographs**

7. This matter arises out of Defendant's breach of a 2014 license to use and display several of McGarity's copyrighted photographs on Defendant's Website for a fee.

8. On or before January 24, 2014, McGarity photographed five female models for Defendant Suki Skincare. The models, who were photographed either nude or in jeans and white tops, posed for an array of "beauty shots" (a term referring to the focus of the photographer on the face of the subject and/or the particular lighting used), while McGarity photographed the models individually and in groups (the "Modeling Photographs"). True and correct copies of the Modeling Photographs are attached as Exhibit A.

9. McGarity is the author of the Modeling Photographs and has at all times been the sole owner of all right, title and interest in and to the Modeling Photographs, including the copyrights thereto.

10. The Modeling Photographs were registered by McGarity with the U.S. Copyright Office and given pending Copyright Registration Numbers 1-4418695821 and 1-4418695866. See Exhibit B.

11. McGarity subsequently licensed the Modeling Photographs to Defendant. The license limited Defendant's use of the Modeling Photographs to "Web & Marketing materials Only" and specified that the license was for a one-year term. Plaintiff's fee for the permitted usage was $6,300.00 (exclusive of Plaintiff's shooting fee, which was also based on the specified usage). For an additional fee of $1,000.00, McGarity also permitted Defendant to use one of the Modeling Photographs for "advertising/print trade in U.S. publications." True and correct copies of Plaintiff's invoice referencing these usage terms, as well Plaintiff's estimate for the services provided to Defendant, is attached as hereto Exhibit C.

12. Although McGarity's invoice to Suki Skincare referenced the fee for a three-year license of the Modeling Photographs, the parties did not agree to license the Modeling Photographs beyond the initial one-year term commencing February 5, 2014.

13. Upon information and belief, Suki Skincare complied with the terms of the original one-year license.

**B.   Defendant's Infringing Activities**

14. Following the expiration of the initial one-year term of the parties' license agreement, Defendant did not extend its usage rights with Plaintiff or offer any further payment to McGarity for a continued license.

15. However, notwithstanding the expiration of Plaintiff's license to use the Modeling Photographs on February 5, 2015, Defendant Suki continues to display many of the Modeling Photographs on its Website and marketing materials, without McGarity's permission or consent.

Screenshots showing Defendant's use of the Modeling Photographs on its Website between November 22, 2016 and January 24, 2017 are attached hereto as Exhibit D.

16. Defendant further has continued to use the Modeling Photographs to advertise its products on various third-party websites and publications long after the initial one-year term, thereby grossly exceeding the scope of Plaintiff's license and infringing on Plaintiff's exclusive copyrights in the Modeling Photographs. Screen shots showing the Modeling Photographs associated with Defendant's products on third-party websites are attached hereto as Exhibit E.

17. McGarity discovered Defendant's unlawful use of the Modeling Photographs on or about December 1, 2016 and contacted the proprietor of Suki Skincare requesting that Defendant either remove the Modeling Photographs from its website(s) or pay an additional license fee for the infringing use. Upon information and belief, Defendant continues to use the Modeling Photographs without a license and without Plaintiff's authorization.

## FIRST CLAIM FOR RELIEF
### (COPYRIGHT INFRINGEMENT AGAINST SUKI)
### (17 U.S.C. §§ 106, 501)

18. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-17 above.

19. Suki Skincare has infringed, and continues to infringe, Plaintiff's copyrights in the Modeling Photographs by reproducing and publicly displaying the Modeling Photographs on the Website and in its marketing materials after February 5, 2015, in violation of Plaintiff's limited license. Aside from Plaintiff's initial license to Defendant described *infra* at Paragraph 11, Suki Skincare is not, and has never been, licensed or otherwise authorized to reproduce, publicly display, distribute and/or use the Modeling Photographs.

20. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

21. The foregoing acts of infringement by Suki Skincare have been willful, intentional, and purposeful, in disregard of and with indifference to Plaintiff's rights.

22. As a result of Defendant's infringement of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to recover her damages and Defendant's profits pursuant to 17 U.S.C. § 504(b).

23. Defendant's conduct described above is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages. Plaintiff has no adequate remedy at law.

**SECOND CLAIM FOR RELIEF**
**(SECONDARY LIABILITY FOR COPYRIGHT INFRINGEMENT AGAINST SUKI)**

24. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-23 above.

25. Upon information and belief, Suki Skincare intentionally induced, encouraged or materially contributed to the unauthorized reproduction and distribution of the Modeling Photographs on various third-party websites.

26. The acts of Defendant alleged herein have been willful, intentional and purposeful, in disregard of and with indifference to Plaintiff's copyrights in the Modeling Photographs.

27. Upon information and belief, Defendant directly profited from the third party's direct infringement of the Modeling Photographs and had both the right and the ability to prevent third-parties from infringing the Modeling Photographs

28.     As a direct result of Defendant's actions, Plaintiff has suffered and continues to suffer irreparable harm for which Plaintiff has no adequate remedy at law, and which will continue unless Defendant's actions are enjoined.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Suki Skincare be adjudged to have infringed upon Plaintiff's copyright in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. That Defendant be immediately and permanently enjoined from further infringing Plaintiff's copyright in the Modeling Photographs pursuant to 17 U.S.C. § 502;

3. That Plaintiff be awarded her actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of the Modeling Photographs;

4. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

5. That Plaintiff be awarded her costs, expenses and attorney's fees pursuant to 17 U.S.C. § 505;

6. That Plaintiff be awarded pre-judgment interest; and

7. Such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated:   March 13, 2017
         Valley Stream, New York

                                        LIEBOWITZ LAW FIRM, PLLC

                                        By: /s/    Kamanta C. Kettle
                                               Kamanta C. Kettle

                                           Richard P. Liebowitz
                                           Kamanta C. Kettle
                                           11 Sunrise Plaza, Suite 305
                                           Valley Stream, New York 11580
                                           Telephone: (516) 233-1660
                                           RL@LiebowitzLawFirm.com
                                           KK@LiebowitzLawFirm.com

                                        *Attorneys for Plaintiff Tiffany Walling McGarity*